**CLARA M. HELLER v ERNEST V. HELLER**

Ohio Appeals, 7th Dist, Mahoning Co
Decided March 14, 1930

Edw. L. Williams, Akron, and Hollis E. Grosshaus, Youngstown, for Clara Heller.

H. H. Hull, Youngstown, and W. P. Barnum, Youngstown, for Ernest Heller.

ROBERTS, J.

The issues thus presented by the plea in bar were submitted to a referee, Mr. Powers, appointed by this court, Mrs. Heller having filed a reply to this plea, in which the various reasons were asserted why, as claimed, she should not be bound by her conduct as before stated, and prevented from prosecuting error. The principle issue as understood to be raised at this time, is as to whether it was the right or power of the trial court to grant the wife this distributive portion, so-called, of the husband's estate, it being claimed in behalf of the wife that the court had no such right, it was not authorized so to do, and therefore this provision for the wife was a mere nullity, and that she having subsequently tendered the money back, and it now being a continuing tender in the office of the Clerk of Courts, that she should not be bound thereby.

It is provided in **11993 GC** that where divorce is granted for the aggressions of the wife, the court may adjudge her such share of the husband's real or personal property, or both, as it deems just.   This order of the Common Pleas Court is worded as a "distributive share of the plaintiff's personal property in the form of future earnings." Fault is found with the words "future earnings," it being claimed that a proper construction of **11993 GC** would indicate only a right to a portion of his property, and not out of future earnings. The Referee considered the issues presented and as presented to this court and reported, the final conclusion of which is in favor of the husband and against the wife, holding that she is barred from prosecuting error in this action. The language used in the decree that this should be paid to the wife out of future earnings was unfortunate and presumably not justified by the language of the statute. However, we are not inclined to regard that as important or more than surplusage. As a matter of fact, this payment was made within a few months after the decree of the court by payment in full, and must have been paid out of the property of the husband, and was not as a matter of fact paid out of future earnings. In any event, as we look at it, the most that can be said upon this proposition in the interest of the plaintiff in error is that this

deceree or judgment of the court was not void but voidable, and under that theory of the matter the parties acquiesced and consented in the decree, acted in conformity therewith settled by the terms found and determined by the court and should not now be heard to complain.

There were other matters set up in the plea in bar, one that the alimony or this payment was accepted by the wife believing that it was a continuation of temporary alimony, which had been payable in a simlar sum per month, and a further matter suggested in effect that by reason of her troubles with her husband she had become extremely nervous and her judgment so warped that she did not believe in what the attorneys said, especially those which were representing her.

It is not necessary to go into these matters in detail.   They are not of public interest.   Counsel and the parties interested are familiar with them.   It is sufficient to say upon this proposition that we agree with the Referee that they were not well founded, and the exceptions in behalf of the wife to the Referee's report are overruled, and the motion of counsel for the husband to confirm the report is approved and the report is therefor confirmed.